IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv370

| | |
|---|---|
| THOMAS STANDLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>SHERIFF VAN DUNCAN, et al., )<br>)<br>)<br>Defendants. )<br>_____ ) | ORDER<br>AND<br>MEMORANDUM AND<br>RECOMMENDATION |

Pending before the Court is the Motion to Substitute Party [# 2] and Motion to Dismiss [# 3] filed by the United States. Plaintiff brought this action against Defendants in state court asserting claims as a result of his involuntary commitment at a VA hospital in North Carolina. At the time, Plaintiff was attempting to inform the public of issues occurring at the Department of Veteran Affairs and some type of emergency situation in his local community. The Amended Complaint alleges that Defendants Senator Kay Hagan and United States Congressman Heath Shuler (collectively, "Federal Defendants") were aware of the issues with the Department of Veteran Affairs but failed to take any steps to correct the problems. Accordingly, it appears that Plaintiff is attempting to assert

-1-

some sort of tort claim against the Federal Defendants based on their failure to act.

Subsequently, the United States removed the action to this Court and moved to substitute the United States for the Federal Defendants. In addition, the United States moved to dismiss all the claims asserted against the Federal Defendants. Defendant Sheriff Van Duncan also moved to dismiss the claims asserted against him on the grounds that the Amended Complaint failed to state a claim upon which relief could be granted. [# 5]. After reviewing the parties' motions, the Court directed the United States pursuant to to 28 U.S.C. § 1447(b) to file with the Clerk copies of all the records and proceedings in the State Court because the record did not contain copies of the numerous exhibits that Plaintiff incorporated into his Amended Complaint. (Order, Mar. 25, 2013.) The United States complied with the Court's March 25, 2013, Order, and the Court has reviewed all the records and pleadings submitted in the State Court in addition to the parties' briefs. Upon a review of the record in this case and the relevant legal authority, the Court **GRANTS** the Motion to Substitute [# 2] and **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 3] and **REMAND** the remaining state law claims against Defendant Duncan.

I.     Analysis[1]

A.     **The Motion to Substitute**

When a plaintiff brings an action against federal employees, the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or her employment at the time of the incident giving rise to the claim, and the district court shall deem the action as one against the United States, rather than the individual federal employee.  28 U.S.C. § 2679(d)(1); see also Martinez v. Lamagno, 515 U.S. 417, 419-20, 115 S. Ct. 2227, 2229 (1995).  Senators and Congressmen both come under the protections of the Westfall Act.  Operation Rescue Nat. v. U.S., 147 F.3d 68, 69-71 (1st Cir. 1998); De Masi v. Schumer, 608 F. Supp. 2d 516, 521 (S.D.N.Y. 2009).  The United States Attorneys are authorized to issue these certifications on behalf of the Attorney General.  Martinez v. DEA, 111 F.3d 1148, 1152 (4th Cir. 1997).   Upon certification by the Attorney General or a United States Attorney, the United States is substituted as the party defendant and the individual employees are dismissed from the action.  28 U.S.C. § 2679(d)(1); Lamagno, 515 U.S. at 420, 115 S. Ct. at 2229.  Once the United States

---

1     Due to the brevity of the factual allegations in the Amended Complaint, the Court has incorporated the relevant factual allegations set forth in the Amended Complaint in its analysis of the pending motions rather than separately set forth the factual allegations.

-3-

is substituted as the proper party, the case is then governed by the Federal Torts Claims Act.  28 U.S.C. § 2679(b)(1); Lamagno, 515 U.S. at 420, 115 S. Ct. at 2229.

Unless challenged by a plaintiff, the Attorney General's certification is conclusive evidence that the alleged tort occurred within the scope of a defendant's employment.  Martinez, 11 F.3d at 1153.  Where a plaintiff challenges the certification, the certification constitutes prima facie evidence, and the burden shifts "to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." Id.; see also Ross v. Bryan, 309 F.3d 830, 833 (4th Cir. 2002); Borneman v. U.S., 213 F.3d 819, 827 (4th Cir. 2000).  To satisfy this burden, a plaintiff must come forward with either "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision. . . ."  Martinez, 111 F.3d at 1155; Borneman, 213 F.3d at 827.  Mere conclusory allegations and speculation will not satisfy a plaintiff's burden.  Martinez, 111 F.3d at 1155.  If the plaintiff fails to come forward with any evidence, the certification is conclusive.  Id.

Where a plaintiff comes forward with sufficient evidence to satisfy his or her burden of proof, the burden shifts back to the Government, and the United States may come forward with evidence supporting its certification.  Borneman, 213 F.3d

at 827; Martinez, 111 F.3d at 1155. As the United States Court of Appeals for the Fourth Circuit explained in Martinez,

> At this point, the district court may permit (and limit) any needed discovery. Thereafter, the district court must determine whether there are any genuine issues of fact material to the scope-of-employment decision, and, if so, it may conduct an evidentiary hearing to resolve these factual issues. Once any factual issues are resolved, the district court should weigh the evidence on each side to determine whether the certification should stand.

Martinez, 111 F.3d at 1155. In making the determination as to whether the federal employee was acting within the scope of his or her employment, the Court applies the law of the state where the alleged tort occurred. Ross v. Bryan, 309 F.3d 830, 834 (4th Cir. 2002); Borneman, 213 F. 3d at 827.

As a threshold matter, it appears that the Amended Complaint asserts tort claims against the Federal Defendants. Specifically, the Amended Complaint alleges that the Federal Defendants were aware of various alleged concerns or problems at the Department of Veterans Affairs and were negligent in failing to take action to rectify the problems.[2] See DeMasi, 608 F. Supp. 2d at 521-22 (construing claim against Senator Schumer for failure to take action against Countrywide as sounding in tort). There are no allegations that the Federal Defendants were involved in Plaintiff's involuntary commitment or any of the

---

2   The Court notes that the Amended Complaint does not assert any claims directly against the Department of Veteran Affairs. Rather, the Amended Complaint alleges that the Federal Defendants failed to undertake any actions to rectify the problems with the Department of Veteran Affairs.

other actions of which Plaintiff complains.

In addition, the United States Attorney for Western District of North Carolina submitted a certification pursuant to 28 U.S.C. § 2679(d), certifying that the Federal Defendants were at all times acting within the course and scope of their employment with the United States Congress with respect to the events alleged in the Amended Complaint. (Certification of Scope of Employment, Nov. 16, 2012.) This certification is prima facie evidence that the Federal Defendants were acting within the scope of their employment when they committed the alleged acts at issue. Plaintiff, therefore, must demonstrate by a preponderance of the evidence that the Federal Defendants were acting outside the scope of their employment. Martinez, 11 F.3d at 1153.

Plaintiff, however, did not come forward with any evidence that the Federal Defendants were acting outside the scope of their employment when they undertook the actions alleged in the Amended Complaint. Moreover, there are no factual allegations in the Amended Complaint or the exhibits attached to the pleadings that contradict the certification of the United States Attorney. Because Plaintiff has not come forward with "specific evidence or the forecast of specific evidence" contradicting the certification of the United States Attorney, the certification is conclusive evidence that Defendants were acting within the scope of

their employment. Id.; Borneman, 213 F.3d at 827. Accordingly, the Court **GRANTS** the Motion to Substitute [# 2] and **SUBSTITUES** the United States as the party defendant for the Federal Defendants.

### B. The Motion to Dismiss filed by the United States

The claims against the United States are subject to dismissal as Plaintiff has not alleged that he has exhausted his administrative remedies, as required to assert a claim pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993). For example, "[b]efore initiating a lawsuit against a United States Senator, a plaintiff is first required to file an administrative claim with the Office of the Senate Sergeant at Arms, which is the body charged with processing administrative tort claims filed with the United States Senate under the FTCA" DeMasi, 608 F. Supp. 2d at 525. This includes claims brought by *pro se* litigants. McNeil, 508 U.S. at 113, 113 S. Ct. at 1984. The requirement for exhausting administrative remedies is jurisdictional and cannot be waived. Henderson, 785 F.2d at 123; DeMasi, 608 F. Supp. 2d at 524.

The Amended Complaint fails to allege that Plaintiff exhausted his administrative remedies. Moreover, Plaintiff has not responded to the Motion to Dismiss despite the Order of this Court warning him of the consequences of failing

-7-

to do so. (Order, Dec. 13, 2012.) Accordingly, Plaintiff's claims against the United States brought pursuant to the Federal Tort Claims Act are subject to dismissal without prejudice pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction over the claims. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 3] and dismiss without prejudice the claims asserted against the United States, as substituted for the Federal Defendants.

### C. The Motion to Dismiss by Sheriff Van Duncan

Defendant Sheriff Van Duncan also moved to dismiss the claims against him. Having recommended that the Court dismiss the federal claims asserted against the United States under the Federal Tort Claims Act, the only remaining claims appear to be state law torts asserted against Defendant Duncan related to Plaintiff's alleged loss of credibility, the injury to his reputation, and misrepresentations made to him at some point. The Amended Complaint does not assert any claims pursuant to federal statutes or attempt to raise any claims for violations of the United States Constitution. Accordingly, the Court **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over the state law claims asserted against Defendant Van Duncan and

**REMAND** the remaining claims.[3]

## II. Conclusion

The Court **GRANTS** the Motion to Substitute Party [# 2] and **SUBSTITUTES** the United States as the defendant in this action in place of Senator Kay Hagan and Congressman Heath Shuler. The Court **DIRECTS** the Clerk to remove Senator Hagan and Congressman Shuler as parties to this dispute. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 3] and **DISMISS without prejudice** all claims asserted in the Amended Complaint against the United States so that Plaintiff can exhaust his administrative remedies. In addition, the Court **RECOMMENDS** that the District Court **DECLINE** to exercise supplemental jurisdiction over the remaining state law claims asserted against Defendant Van Duncan and **REMAND** this case.

Signed: April 10, 2013

Dennis L. Howell
United States Magistrate Judge

---

3  To the extent that the Amended Complaint could be read to include some form of Section 1983 claim against Defendant Duncan, such claims would be subject to dismissal pursuant to Rule 12(b)(6) because the Amended Complaint fails to contain the necessary factual allegations setting forth a plausible claim for relief.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).